UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JEFFREY L. LECKRONE, | ) |
| Plaintiff, | ) Civil Case No.: |
| vs. | ) |
| SAINT CHARLES COUNTY, MISSOURI, | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| CORPORAL ROBERT BELL, III, in his official capacity and in his individual capacity, | ) |
| LIEUTENANT MARK O'NEILL, in his official capacity and in his individual capacity, | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, Plaintiff, Jeffrey L. Leckrone, and for his Complaint against Defendants states as follows:

### PARTIES TO THIS ACTION

1)  Jeffrey L. Leckrone (hereinafter "Plaintiff") is a citizen of the State of Missouri and a resident of Saint Charles County, Missouri.

2)  Defendant Saint Charles County is a duly chartered county organized and existing under the laws of the State of Missouri. Defendant Saint Charles County is a political subdivision of the State of Missouri, is a state actor, and at all times relevant herein was acting under color of state law. The Saint Charles County Sheriff's Department is an official

1

subdivision of Saint Charles County.  All officers employed by the Saint Charles County Sheriff's Department are employees of Defendant Saint Charles County.

3)  Defendant Saint Charles County was at all times relevant engaged in owning, operating, maintaining, managing, and doing business as the Saint Charles County Sheriff's Department.  All of the acts complained of in this Petition by Plaintiff against Defendant Bell, Defendant O'Neill, and Defendant Saint Charles County were done and performed by the Defendant Saint Charles County's authorized agents, servants, and/or employees, and each of them, all of whom at all relevant times were acting within the course, purpose, and scope of that agency, service, and/or employment capacity.  Moreover, Defendant Saint Charles County and/or its agents ratified all of the acts of which the Complaint is made.

4)  In doing the acts and failing/and/or omitting to act as described below, Defendant Bell and Defendant O'Neill, and each of them, were acting on the implied and/or with the actual permission and consent of Defendant Saint Charles County.  At all relevant times, Defendants Bell and O'Neill, inclusive, were duly appointed agents, employees, and/or representatives of Defendant Saint Charles County, acting in this course and scope of their employment and agency.

5)  Defendant Saint Charles County maintains a liability policy and has thus waived sovereign immunity for tort liability.

6)  Defendant filed originally filed suit against the Defendants named in this action based on Counts I-III in the Saint Charles County Circuit Court on October 15, 2015.  That case was numbered 1511-CC00877.  That case was dismissed without prejudice on July 26, 2016.

## JURISDICTION AND VENUE

7)  Plaintiff is stating a claim for violation of 42 U.S.C. §§ 1983 and 1988 and the Fourth

Amendment to the United States Constitution.  The United States District Court has subject-matter jurisdiction.

8) The United States District Court for the Eastern District of Missouri Court has jurisdiction over the parties because the claims herein arose out of the conduct within Saint Charles County, Missouri.

9) The Eastern Division of the United States District Court for the Eastern District of Missouri is the proper venue because the claims herein arose out of the conduct within Saint Charles County, Missouri.

## COUNT I

### [AGAINST DEFENDANT ROBERT BELL FOR FALSE ARREST AND FALSE IMPRISONMENT IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION]

10) Plaintiff re-alleges and incorporates herein by reference each and every allegation contained above in Paragraphs 1-9.

11) On October 16, 2010 Defendant Bell, acting in his official capacity as an officer of Defendant St. Charles County Sheriff's Department and acting in his individual capacity pulled Plaintiff over without justification.

12) Defendant Bell stated to Plaintiff that Defendant Bell had pulled Plaintiff over because Defendant Bell allegedly observed Plaintiff had "cut off" a white minivan.

13) Plaintiff did not "cut off" any vehicle at the time alleged by Defendant Bell.

14) Defendant Bell handcuffed Plaintiff and took Plaintiff into custody.

15) Defendant Bell took Plaintiff into custody for driving while intoxicated without first offering to allow Plaintiff to take a breathalyzer test.

16) Defendant Bell's taking Plaintiff into custody was without probable cause.

17) Defendant Bell's seizure of Plaintiff was a violation of Plaintiff's Fourth Amendment right to be free from unlawful seizure.

18) Defendant Bell took Plaintiff to the Saint Charles County Department of Corrections facility.

19) Plaintiff requested an opportunity to take a breathalyzer test shortly after being taken to the Saint Charles County Department of Corrections facility.

20) Plaintiff at no time refused to take a breathalyzer test.

21) Defendant Bell willfully ignored Plaintiff's request to take a breathalyzer test.

22) Defendant Bell's refusal to allow Plaintiff to take a breathalyzer test deprived Plaintiff of the opportunity to refute Defendant Bell's allegation that probable cause existed for Plaintiff's arrest.  Defendant Bell's refusal to allow Plaintiff to take a breathalyzer test resulted in a lack of probable cause to continue the detention of Plaintiff.

23) Defendant Bell told Plaintiff that Plaintiff was to be charged with the offense of Driving While Intoxicated (hereinafter "DWI").

24) At the Saint Charles Department of Corrections facility, Plaintiff was held in custody for approximately twelve (12) hours prior to his release.

25) The State of Missouri, by and through the Saint Charles County prosecutor, prosecuted Plaintiff for Driving While Intoxicated in violation of RSMo § 577.010 as a result of Defendant's unlawful arrest of Plaintiff.

26) Plaintiff incurred approximately $7,000.00 in legal fees to defend himself against the DWI charge.

27) Defendant Bell testified, while the DWI charge was pending, that Defendant Bell filed a police report containing false, inculpatory statements about Plaintiff.

28) The Saint Charles County Prosecutor dismissed the DWI charge against Plaintiff in or about 2013.

29) The Saint Charles County Prosecutor's dismissal of the DWI charge, upon information and belief, was for lack of probable cause.

30) In or about October 2012, a guardian ad litem made an adverse recommendation regarding custody of the minor child of Plaintiff as a direct result of the guardian ad litem's learning of Plaintiff's DWI arrest.  The adverse recommendation of the guardian ad litem led to the Saint Louis County Circuit Court's entering an adverse ruling regarding Plaintiff's child custody rights with regard to the minor child.

31) The false arrest and false imprisonment of Plaintiff by Defendant Bell was in violation of the Fourth Amendment to the Constitution of the United States and in violation of 42 U. S. C. § 1983, et seq.

32) In falsely arresting and falsely imprisoning Plaintiff, Defendant Bell acted with malice and reckless indifference, removing the protections of official immunity entitling Plaintiff to an award of punitive damages against Defendant Bell.

33) In falsely arresting and falsely imprisoning Plaintiff, Defendant Bell acted in a prescribed manner, in obedience to the policies and practices of institutionalized behavior promulgated by Defendant Saint Charles County, removing the protections of official immunity.

34) As a direct and proximate result of the violation of Plaintiff's rights under the Fourth Amendment to the Constitution of the United States and under 42 U. S. C. § 1983 by Defendant Bell, Plaintiff sustained the following injuries and damages:

    (a) Costs of arrest, processing, testing, and incarceration in the amounts of $136.11, of which the Saint Charles County Sheriff's Department has requested recoupment.

    (b) Extreme mental distress, fear, and humiliation.

    (c) Attorney's fees for defense of the DWI charge in the amount of $7,000.00.

    (d) A partial loss of custody of Plaintiff's minor child.

35) Plaintiff has incurred, and will incur, attorney's fees for the prosecuting of this case. Plaintiff is entitled to recover his attorney's fees from Defendant Bell, Defendant O'Neill, and Defendant Saint Charles County under 42 U. S. C. § 1988.

WHEREFORE, under Count I, Plaintiff prays for Judgment against Defendant Bell, in a sum that is fair and reasonable for the injuries and damages he sustained, attorney's fees, and court costs.

## COUNT II

### [AGAINST DEFENDANT MARK O'NEILL FOR FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U. S. C. § 1983 AND THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION]

36) Plaintiff re-alleges and incorporates herein by reference each and every allegation contained above in Paragraphs 1-35.

37) That Defendant O'Neill cooperated with Defendant Bell in the false arrest and false imprisonment of Plaintiff. Defendant O'Neill signed a citation in which he falsely stated that Plaintiff failed to drive within a single lane.

38) Defendant O'Neill was acting in his official capacity and in his individual capacity.

39) Defendant O'Neill later testified that he had observed Plaintiff weaving from lane to lane prior to O'Neill's allegedly making a traffic stop on Defendant immediately prior to Plaintiff's above-described arrest.

40) Defendant O'Neill's issuing the citation which contained false allegations was a partial cause of the imprisonment of Plaintiff.

41) The false arrest and detention of Plaintiff on or about October 16, 2010 and the failure to stop the arrest and incarceration of Plaintiff on or about October 16, 2010 by Defendant O'Neill were in violation of the Fourth Amendment to the Constitution of the United States and in violation of 42 U. S. C. § 1983, et seq.

42) In falsely imprisoning Plaintiff, Defendant O'Neill acted with malice and reckless indifference, removing the protections of official immunity entitling Plaintiff to an award of punitive damages against Defendant O'Neill.

43) In falsely arresting and falsely imprisoning Plaintiff, Defendant O'Neill acted in a prescribed manner, in obedience to the policies and practices of institutionalized behavior promulgated by Defendant Saint Charles County, removing the protections of official immunity.

44) As a direct and proximate result of the violation of Plaintiff's rights under the Fourth Amendment to the Constitution of the United States and under 42 U. S. C. § 1983, by Defendant O'Neill, Plaintiff sustained the following injuries and damages:

(a) Costs of arrest, processing, testing, and incarceration in the amounts of $136.11, of which the Saint Charles County Sheriff's Department has requested recoupment.

(b) Extreme mental distress, fear, and humiliation.

(c) Attorney's fees for defense of the DWI charge in the amount of $7,000.00

(d) A partial loss of custody of Plaintiff's minor child.

(e) Plaintiff has incurred, and will incur, attorney's fees for the prosecuting of this case.  Plaintiff is entitled to recover his attorney's fees from Defendant O'Neill, Defendant Bell, and Defendant Saint Charles County under 42 U. S. C. § 1988.

WHEREFORE, under Count II, Plaintiff prays for Judgment against Defendant

O'Neill in a sum that is fair and reasonable for the injuries and damages he sustained, attorney's fees, and court costs.

## COUNT III

### [AGAINST DEFENDANT SAINT CHARLES COUNTY FOR FALSE ARREST AND FALSE IMPRISONMENT IN VIOLATION OF THE FOURTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES AND 42 U. S. C. § 1983]

45) Plaintiff re-alleges and incorporates herein by reference each and every allegation contained above in Paragraphs 1-44.

46) Upon information and belief, Saint Charles County had a usage, custom, or policy of permitting its law enforcement officers of arresting and imprisoning subjects without probable cause and permitting its law enforcement officers to file police reports containing false information in order to make false arrests and engage in false imprisonment.

47) Saint Charles County used inadequate hiring and training practices and policies to hire and train its law enforcement officers in order to avoid those officers engaging in false arrest and false imprisonment.

48) Saint Charles County was negligent in monitoring and retaining of officers who made false reports regarding arrests, a practice which led to its officers making arrests without probable cause and falsely imprisoning subjects arrested without probable cause.

49) Saint Charles County's customs and practices when hiring, training, supervising, and disciplining its officers are inadequate.

50) Defendant Saint Charles County was deliberately indifferent to the rights of others in adopting its policies, uses, customs, and practices and in failing to train its law enforcement officers and in failing to hire competent, qualified law enforcement officers.

51) Defendant Saint Charles County made a deliberate and conscious choice to fail to train its law enforcement officers and made a deliberate and conscious choice in establishing its practices for hiring its law enforcement officers.

52) The conducts of Defendant Saint Charles County in establishing its customs, practices, and usages as described above, while acting with deliberate indifference, was a proximate cause of Plaintiff's injuries and damages.

53) By adopting the policies, procedures, customs, and usages described above, while acting with deliberate indifference, Defendant Saint Charles County caused Plaintiff to sustain the damages and injuries described in Counts, I, II, and III, in violation of 42 U. S. C. § 1983, et seq. and in violation of the Fourth Amendment to the Constitution of the United States.

54) Defendant Saint Charles County focused law enforcement activities on its officers on generating revenues rather than public safety needs.

55) By focusing the law enforcement activities of its officers on generating revenue rather than public safety needs, Defendant Saint Charles County was performing a proprietary function, and thus Defendant Saint Charles County is not immune from the torts of its officials or agents.

56) Defendant Saint Charles County is liable for the actions of Defendant Bell and Defendant O'Neill under the doctrine of *respondeat superior*.

57) As a direct and proximate result of the violation of Plaintiff's rights under the Fourth Amendment to the Constitution of the United States and under 42 U. S. C. § 1983, by

58) Defendant Saint Charles County, Plaintiff sustained the following injuries and damages:

(a) Costs of arrest, processing, testing, and incarceration in the amounts of $136.11, of which the Saint Charles County Sheriff's Department has requested recoupment.

(b) Extreme mental distress, fear, and humiliation.

(c) Attorney's fees for defense of the DWI charge in the amount of $7,000.00.

(d) A partial loss of custody of Plaintiff's minor child.

WHEREFORE, under Count III, Plaintiff prays for Judgment against Defendant, Saint Charles County, in a sum that is fair and reasonable for the injuries and damages he sustained, attorney's fees, plus court costs.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all his legal claims pursuant to Federal Rules of Civil Procedure.

DATED:  July 25, 2017

> LEDBETTER LAW FIRM, LLC
>
> By: /s/ Frank R. Ledbetter
> Frank R. Ledbetter, MBE#53521;Fed#53521MO
> Attorney for Plaintiff
> 141 N. Meramec Avenue, Suite 24
> Saint Louis, MO 63105
> (314) 535-7780 Telephone
> (314) 533-7078 Facsimile
> stlatty@gmail.com