IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JEFFREY L. LECKRONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 4:17-CV-02144-JMB |
| SAINT CHARLES COUNTY, MISSOURI, | ) |
| ROBERT BELL, III, and | ) |
| MARK O'NEILL | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT ST. CHARLES COUNTY'S ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW the Office of the St. Charles County Counselor, by and through Holly E. Ragan, Associate County Counselor, on behalf of St. Charles County, Missouri ("the County") and states the following for its Answer to Plaintiff's Complaint as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**

County denies all allegations of fact and conclusions of law contained in Plaintiff's Complaint except those specifically admitted herein.

1. County lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 and therefore denies same.

2. County admits that it is a charter county organized and existing under the laws of the State of Missouri, that it is a political subdivision of the State of Missouri, and denies all other allegations contained in paragraph 2.

3. Paragraph 3 is the legal conclusion of the Plaintiff and therefore no response is required. However, to the extent a response is deemed necessary, Defendant denies the allegations of paragraph 3.

1

4. Paragraph 4 is the legal conclusion of the Plaintiff and therefore no response is required. However, to the extent a response is deemed necessary, Defendant denies the allegations of paragraph 4.

5. Denied.

6. Admitted.

7. Paragraph 7 is the legal conclusion of the Plaintiff and therefore no response is required. However, to the extent a response is deemed necessary, Defendant denies the allegations of paragraph 7.

8. Paragraph 8 is the legal conclusion of the Plaintiff and therefore no response is required. However, to the extent a response is deemed necessary, Defendant denies the allegations of paragraph 8.

9. Paragraph 9 is the legal conclusion of the Plaintiff and therefore no response is required. However, to the extent a response is deemed necessary, Defendant denies the allegations of paragraph 9.

**COUNT I: ROBERT BELL FOR FALSE ARREST AND FALSE IMPRISONMENT**

10-35. The allegations set forth in Count I do not appear to plead a cause of action against St. Charles County and therefore do not require the County to answer. To the extent that Plaintiff is attempting to plead a cause of action against the County, County denies the allegations in paragraphs 10-35.

**COUNT II: MARK O'NEILL FOR FALSE ARREST AND FALSE IMPRISONMENT**

36-44. The allegations set forth in Count II do not appear to plead a cause of action against St. Charles County and therefore do not require the County to answer. To the extent that

Plaintiff is attempting to plead a cause of action against the County, County denies the allegations in paragraphs 36-44.

## COUNT III: ST. CHARLES COUNTY FOR FALSE ARREST AND FALSE IMPRISONMENT

45. County incorporates by reference each and every one of its responses to the allegations in paragraphs 1 through 44 of this Complaint as set forth fully herein.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Paragraph 53 is the legal conclusion of the Plaintiff and therefore no response is required.  However, to the extent a response is deemed necessary, County denies the allegations of paragraph 53.

54. Denied.

55. Paragraph 55 is the legal conclusion of the Plaintiff and therefore no response is required.  However, to the extent a response is deemed necessary, County denies the allegations of paragraph 55.

56. Paragraph 56 is the legal conclusion of the Plaintiff and therefore no response is required.  However, to the extent a response is deemed necessary, County denies the allegations of paragraph 56.

57. Paragraph 57 is an incomplete sentence and the legal conclusion of the Plaintiff and therefore no response is required.  However, to the extent a response is deemed necessary, County denies the allegations of paragraph 57.

58. Paragraph 58 is the legal conclusion of the Plaintiff and therefore no response is required.  However, to the extent a response is deemed necessary, County is without sufficient knowledge with which to admit or deny the subparagraphs in paragraph 58 and therefore denies same.  County denies any remaining allegations of paragraph 58.

## AFFIRMATIVE DEFENSES

59. County hereby incorporates by reference the answers set forth in Paragraphs 1 through 58 of this Answer as set forth fully herein.

60. Defendants are entitled to official immunity and are immune from suit and liability.

61. Plaintiff's suit is barred by a five-year statute of limitations pursuant to RSMo. 516.120(4), and this Complaint was filed more than five years after Plaintiff's claim accrued.

62. Plaintiff consented to the actions against him and to the reasonable consequences thereof by his own conduct before and during his arrest.

63. Plaintiff has failed to mitigate whatever damages, if any, Plaintiff may have incurred by reason of the matters alleged in Plaintiff's Complaint.

64. County states that the Complaint fails to state any claim against the County upon which relief can be granted in that based on the totality of the circumstances, the facts would justify a reasonably cautious law enforcement officer's belief that the Plaintiff had committed or was committing an offense.

65. County states that the Complaint fails to state any claim against the County upon which relief can be granted in that Plaintiff was arrested on probable cause developed during a traffic stop.

66. Further answering and by way of an affirmative defense, County states that Plaintiffs cannot establish all of the elements required by § 537.600 RSMo. to establish any waiver of sovereign immunity by the County and therefore, it is immune from Plaintiff's claims. Furthermore, if the Court finds that sovereign immunity has been waived, it may only be waived to the extent provided by § 537.610 RSMo., as the limitations in that Section existed on the date of the occurrence described in the Complaint.

67. Further answering and by way of an affirmative defense, County asserts the affirmative defenses of contributory negligence and/or comparative fault.

68. Further answering, County Defendants state that the actions complained of are not the result of any unconstitutional custom and/or policy of a County policymaker.

69. Further answering, there is no fundamental right that was clearly established at the time of the events described in the Complaint for Plaintiff.

70. Further answering, County Defendants reserve the right to raise any further affirmative defenses to Plaintiffs' Complaint as this lawsuit proceeds and further facts are discovered.

71. WHEREFORE, having fully answered Plaintiff's Complaint, County prays that Plaintiff takes nothing by this Complaint, and for such other and further relief as the Court may deem just and proper.

**OFFICE OF THE ST. CHARLES COUNTY COUNSELOR**

*Holly E. Ragan*
Holly E. Ragan, #65118
Associate County Counselor
St. Charles County, Missouri
100 N. Third Street, Suite 216
St. Charles, Missouri 63301
P: (636) 949-7540
F: (636) 949-7541
hragan@sccmo.org

CERTIFICATE OF SERVICE

    The undersigned certifies that a true and accurate copy of the above and foregoing was e-filed on this 5th day of October, 2017 to Counsel of Record.

*Holly E. Ragan*