IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| JEFFREY L. LECKRONE, | ) | |
| | ) | Case No.:  4:17-CV-02144-JMB |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SAINT CHARLES COUNTY, MISSOURI, | ) | |
| ROBERT BELL, III, AND MARK | ) | |
| O'NEILL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ANSWER TO DEFENDANT ROBERT BELL'S MOTION TO QUASH SERVICE OF PROCESS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(5)**

COMES NOW Plaintiff, by and through Plaintiff's undersigned Counsel, and answers Defendant Robert Bell, III's Motion to Quash Service of Process Pursuant to Federal Rules of Civil Procedure 12(b)(5) as follows:

1)  Plaintiff specifically denies the allegation in Paragraph 1 of the Motion that the Complaint should be dismissed.

2)  Plaintiff admits in part and denies in part the allegations in Paragraph 2 of the Motion. Plaintiff admits that the summons return states that service on "Off. J. R. Copeland." Plaintiff specifically denies as a matter of law that Officer Copeland was not authorized to receive service of process.

3)  Plaintiff denies the allegations in Paragraph 3 that under no circumstances may there be authorized agency through implication.  Plaintiff admits the allegation in Paragraph 3 that this Court has dismissed an action for lack or service to a police officer where service was left with a

person at the police department.  Plaintiff admits that in the case of *Green v. Missouri* the Court held that the service was insufficient.

      4)   Plaintiff admits the allegation in Paragraph 4 that "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant."  Plaintiff admits that the federal court's lack of jurisdiction remains true despite any actual notice a defendant may have of the lawsuit.

      5)   Plaintiff was without sufficient knowledge that Defendant Robert Bell, III was properly served with the summons.  Fed. R. Civ. P. 4(m) provides that a Court may order that service be made within a specified time if a defendant is not served within ninety (90) days after the complaint is filed.  Fed. R. Civ. P. 4(m) further states that if Plaintiff shows good cause for the failure, the court must extend the time of service by a reasonable time.

      6)   Defendant Robert Bell, III was served with the Complaint and Summons in a manner consistent with Missouri law.

      WHEREFORE, Plaintiff prays that this Court deny the requested relief of the dismissal of Plaintiff's Complaint against Defendant Bell.  Plaintiff prays that this Court deny the requested relief of the entry of an order quashing Plaintiff's service of Defendant Bell.  Plaintiff prays that if the motion is quashed, that this Court enter an order extending the time of service by a reasonable time.

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the above answer was sent electronically to the following party on the 6th day of October 2017:

Holly E. Ragan
Attorney for Defendant Robert Bell, III
100 N. Third Street, Suite 216
Saint Charles, Missouri 63301
hragan@sccmo.org