IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JEFFREY L. LECKRONE,           Plaintiff, vs. SAINT CHARLES COUNTY, MISSOURI, ROBERT BELL, III, AND MARK O'NEILL,           Defendants. | Case No.: 4:17-CV-02144-JMB |

**ANSWER TO DEFENDANT MARK O'NEILL'S MOTION TO QUASH SERVICE OF PROCESS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(5)**

COMES NOW Plaintiff, by and through Plaintiff's undersigned Counsel, and answers Defendant Mark O'Neill's Motion to Quash Service of Process Pursuant to Federal Rules of Civil Procedure 12(b)(5) as follows:

1) Plaintiff specifically denies the allegation in Paragraph 1 of the Motion that the Complaint should be dismissed.

2) Plaintiff denies that no summons return was filed with the Court to indicated to whom service was effected. Plaintiff denies that the could have been no service "to an agent authorized by appointment or by law to receive service of process."

3) Plaintiff denies the allegations in Paragraph 3 of the Motion that the summons and complaint were directly placed in Defendant O'Neill's mailbox at work. Plaintiff denies the allegations in Paragraph 3 of the Motion that no person at work is authorized to receive service of process as agent of Lieutenant O'Neill.

4) Plaintiff admits the allegation in Paragraph 4 of the Motion that this Court has

dismissed an action for lack or service to a police officer where service was left with a person at the police department. Plaintiff admits that in the case of *Green v. Missouri* the Court held that the service was insufficient.

5) Plaintiff admits the allegation in Paragraph 4 that "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant." Plaintiff admits that the federal court's lack of jurisdiction remains true despite any actual notice a defendant may have of the lawsuit.

6) Plaintiff was without sufficient knowledge that Defendant Mark O'Neill was not properly served with the summons. Fed. R. Civ. P. 4(m) provides that a Court may order that service be made within a specified time if a defendant is not served within ninety (90) days after the complaint is filed. Fed. R. Civ. P. 4(m) further states that if Plaintiff shows good cause for the failure, the court must extend the time of service by a reasonable time. Plaintiff filed the Complaint on July 25, 2017. Plaintiff should be afforded until October 23, 2017 to serve Defendant Mark O'Neill if this Court determines that Defendant Mark O'Neill was not properly served with the Complaint and Summons.

7) Plaintiff asserts that Defendant Mark O'Neill was served with the Complaint and Summons in a manner consistent with Missouri law.

WHEREFORE, Plaintiff prays that this Court deny the requested relief of the dismissal of Plaintiff's Complaint against Defendant O'Neill. Plaintiff prays that this Court deny the requested relief of the entry of an order quashing Plaintiff's service of Defendant O'Neill. Plaintiff prays that if the motion is quashed, that this Court enter an order extending the time of service by a reasonable time.

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true copy of the above answer was sent electronically to the following party on the 6th day of October 2017:

Holly E. Ragan
Attorney for Defendant Mark O'Neill
100 N. Third Street, Suite 216
Saint Charles, Missouri 63301
hragan@sccmo.org

                                          /s/ Frank R. Ledbetter