UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY L. LECKRONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:17 CV 2144 (JMB) |
| ) | |
| SAINT CHARLES COUNTY, MISSOURI, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on the separate motions of defendants Mark O'Neill and Robert Bell, III, to quash service of process pursuant to Fed.R.Civ.P. 12(b)(5). Plaintiff has filed responses in opposition.

Defendants O'Neill and Bell are officers employed by the St. Charles County Police Department. [Docs. # 4-1, # 9-1]. On August 23, 2017, the process server attempted service on defendant O'Neill by leaving a summons and copy of the complaint with "Officer Mike Stock" [Doc. # 7]. On September 14, 2017, the process server left summons and copy of the complaint for defendant Bell with "Officer J.R. Copeland." [Doc. # 6]. Defendants move to quash, asserting that their fellow police officers were not authorized to accept service on their behalf.

If a defendant is not properly served, a federal court lacks jurisdiction over that defendant. Adams v. AlliedSignal General Aviation Avionics, 74 F.3d 882, 885 (8th Cir. 1996). Service can be effectuated by delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Green v. Missouri, 734 F. Supp. 2d 814, 856 (E.D. Mo. 2010), aff'd sub nom. Green v. Nocciero, 676 F.3d 748 (8th Cir. 2012); Fed.R.Civ.P. 4(e)(2)(C);

Mo. R. Civ. P. 54.13. Plaintiff offers no evidence or argument that officers Stock and Copeland are authorized or appointed agents for defendants O'Neill and Bell. See Bell v. Sioux Falls S. Dakota Police Dept, No. CIV. 10-4089-KES, 2010 WL 4868227, at *3 (D.S.D. Nov. 23, 2010) (leaving summons and complaint with police department administrative assistance insufficient to achieve service upon defendant police officers). Plaintiff has failed to achieve service under any of the methods of service allowed by Rule 4(e) and defendants' motions to quash will be granted.

Plaintiff filed his complaint on July 26, 2017, and thus the time for achieving service has not yet expired. See Rule 4(m) (complaint must be dismissed if defendant not served within 90 days). Plaintiff is warned that his failure to timely achieve proper service will result in the dismissal of his claims against defendants O'Neill and Bell without prejudice. Id.

Accordingly,

**IT IS HEREBY ORDERED** that the motions of defendants O'Neill and Bell to quash service of process [Docs. # 4 and # 8] are **granted**.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of October, 2017.