IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

JEFFREY L. LECKRONE,            )
                                      )
             Plaintiff,         )
                                        )
     vs.                         )
                                        )  Case No. 4:17-CV-02144-JMB
SAINT CHARLES COUNTY, MISSOURI,    )
ROBERT BELL, III, and            )
MARK O'NEILL                )
                                        )
          Defendants.     )

**DEFENDANTS ROBERT BELL AND MARK O'NEILL'S ANSWER AND
AFFIRMATIVE DEFENSES**

COMES NOW the Office of the St. Charles County Counselor, by and through Holly E.

Ragan, Associate County Counselor, on behalf of Robert Bell, III and Mark O'Neill ("Individual

Defendants") and states the following for their Answer to Plaintiff's Complaint as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**

Individual Defendants deny all allegations of fact and conclusions of law contained in

Plaintiff's Complaint except those specifically admitted herein.

1.      Individual Defendants lack knowledge or information sufficient to form a belief

about the truth of the allegations in Paragraph 1 and therefore deny same.

2.      Individual Defendants admit that St. Charles County is a charter county organized

and existing under the laws of the State of Missouri, that it is a political subdivision of the State

of Missouri, and denies all other allegations contained in paragraph 2.

3.      Paragraph 3 is the legal conclusion of the Plaintiff and therefore no response is

required.  However, to the extent a response is deemed necessary, Individual Defendants deny

the allegations of paragraph 3.

4.     Paragraph 4 is the legal conclusion of the Plaintiff and therefore no response is required.  However, to the extent a response is deemed necessary, Individual Defendants deny the allegations of paragraph 4.

5.     Denied.

6.     Admitted.

7.     Paragraph 7 is the legal conclusion of the Plaintiff and therefore no response is required.  However, to the extent a response is deemed necessary, Individual Defendants deny the allegations of paragraph 7.

8.     Paragraph 8 is the legal conclusion of the Plaintiff and therefore no response is required.  However, to the extent a response is deemed necessary, Individual Defendants deny the allegations of paragraph 8.

9.     Paragraph 9 is the legal conclusion of the Plaintiff and therefore no response is required.  However, to the extent a response is deemed necessary, Individual Defendants deny the allegations of paragraph 9.

### COUNT I: ROBERT BELL FOR FALSE ARREST AND FALSE IMPRISONMENT

10.     Individual Defendants incorporate herein by reference each and every answer contained above in paragraphs 1-9.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Admitted.

15.     Admitted.

16.     Paragraph 16 is the legal conclusion of the Plaintiff and therefore no response is required.  However, to the extent a response is deemed necessary, Individual Defendants deny the allegations of paragraph 16.

17.     Paragraph 17 is the legal conclusion of the Plaintiff and therefore no response is required.  However, to the extent a response is deemed necessary, Individual Defendants deny the allegations of paragraph 17.

18.     Admitted.

19.     Individual Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 and therefore deny same.

20.     Denied.

21.     Denied.

22.     Paragraph 22 is the legal conclusion of the Plaintiff and therefore no response is required.  However, to the extent a response is deemed necessary, Individual Defendants deny the allegations of paragraph 22.

23.     Admitted.

24.     Individual Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 and therefore deny same.

25.     Paragraph 25 is the legal conclusion of the Plaintiff and therefore no response is required.  However, to the extent a response is deemed necessary, Individual Defendants deny the allegations of paragraph 25.

26.     Individual Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 and therefore deny same.

27.     Denied.

28.     Individual Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 and therefore deny same.

29.     Individual Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 and therefore deny same.

30.     Individual Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 and therefore deny same.

31.     Paragraph 31 is the legal conclusion of the Plaintiff and therefore no response is required.  However, to the extent a response is deemed necessary, Individual Defendants deny the allegations of paragraph 31.

32.     Paragraph 32 is the legal conclusion of the Plaintiff and therefore no response is required.  However, to the extent a response is deemed necessary, Individual Defendants deny the allegations of paragraph 32.

33.     Paragraph 33 is the legal conclusion of the Plaintiff and therefore no response is required.  However, to the extent a response is deemed necessary, Individual Defendants deny the allegations of paragraph 33.

34.     Paragraph 34 is the legal conclusion of the Plaintiff and therefore no response is required.  However, to the extent a response is deemed necessary, Individual Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 and therefore deny same.

35.     Paragraph 35 is the legal conclusion of the Plaintiff and therefore no response is required.  However, to the extent a response is deemed necessary, Individual Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 and therefore deny same.

**COUNT II: MARK O'NEILL FOR FALSE ARREST AND FALSE IMPRISONMENT**

36.     Individual Defendants incorporate herein by reference each and every answer contained above in Paragraphs 1-36.

37.     Denied.

38.     Paragraph 38 is the legal conclusion of the Plaintiff and therefore no response is required.  However, to the extent a response is deemed necessary, Individual Defendants admit that actions taken by Lieutenant O'Neill were within the scope of his official duties, and deny any remaining allegations in Paragraph 38.

39.     Denied.

40.     Denied.

41.     Paragraph 41 is the legal conclusion of the Plaintiff and therefore no response is required.  However, to the extent a response is deemed necessary, Individual Defendants deny the allegations of paragraph 41.

42.     Paragraph 42 is the legal conclusion of the Plaintiff and therefore no response is required.  However, to the extent a response is deemed necessary, Individual Defendants deny the allegations of paragraph 42.

43.     Paragraph 43 is the legal conclusion of the Plaintiff and therefore no response is required.  However, to the extent a response is deemed necessary, Individual Defendants deny the allegations of paragraph 43.

44.     Paragraph 44 is the legal conclusion of the Plaintiff and therefore no response is required.  However, to the extent a response is deemed necessary, Individual Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 and therefore deny same.

## COUNT III: ST. CHARLES COUNTY FOR FALSE ARREST AND FALSE
## IMPRISONMENT

45-58.  The allegations set forth in Count III do not appear to plead a cause of action against Individual Defendants and therefore do not require Individual Defendants to answer.  To the extent that Plaintiff is attempting to plead a cause of action against Individual Defendants, individually or collectively, Individual Defendants deny the allegations in paragraphs 45-58.

## AFFIRMATIVE DEFENSES

1.      Individual Defendants hereby incorporate by reference the answers set forth in Paragraphs 1 through 58 of this Answer as set forth fully herein.

2.      Individual Defendants are entitled to official immunity and qualified immunity and are immune from suit and liability.

3.      Plaintiff's suit is barred by a five-year statute of limitations pursuant to RSMo. 516.120(4), and this Complaint was filed more than five years after Plaintiff's claim accrued.

4.      Plaintiff consented to the actions against him and to the reasonable consequences thereof by his own conduct before and during his arrest.

5.      Plaintiff has failed to mitigate whatever damages, if any, Plaintiff may have incurred by reason of the matters alleged in Plaintiff's Complaint.

6.      Individual Defendants state that the Complaint fails to state any claim against the Individual Defendants upon which relief can be granted in that based on the totality of the circumstances, the facts would justify a reasonably cautious law enforcement officer's belief that the Plaintiff had committed or was committing an offense.

7.     Individual Defendants state that the Complaint fails to state any claim against the Individual Defendants upon which relief can be granted in that Plaintiff was arrested on probable cause developed during a traffic stop.

8.     Further answering and by way of an affirmative defense, Individual Defendants state states that Plaintiffs cannot establish all of the elements required by § 537.600 RSMo. to establish any waiver of sovereign immunity by the County and therefore, it is immune from Plaintiff's claims.  Furthermore, if the Court finds that sovereign immunity has been waived, it may only be waived to the extent provided by § 537.610 RSMo., as the limitations in that Section existed on the date of the occurrence described in the Complaint.

9.     Further answering and by way of an affirmative defense, Individual Defendants assert the affirmative defenses of contributory negligence and/or comparative fault.

10.     Further answering, Individual Defendants state that the actions complained of are not the result of any unconstitutional custom and/or policy of a County policymaker.

11.     Further answering, there is no fundamental right that was clearly established at the time of the events described in the Complaint for Plaintiff.

12.     Further answering, Defendants reserve the right to raise any further affirmative defenses to Plaintiffs' Complaint as this lawsuit proceeds and further facts are discovered.

WHEREFORE, having fully answered Plaintiff's Complaint, Individual Defendants pray that Plaintiff takes nothing by this Complaint, and for such other and further relief as the Court may deem just and proper.

**OFFICE OF THE ST. CHARLES
COUNTY COUNSELOR**

*Holly E. Ragan*

Holly E. Ragan, #65148
Associate County Counselor
St. Charles County, Missouri
100 N. Third Street, Suite 216
St. Charles, Missouri 63301
P: (636) 949-7540
F: (636) 949-7541
hragan@sccmo.org

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and accurate copy of the above and foregoing was e-filed on this 3rd day of November, 2017 to Counsel of Record.

*Holly E. Ragan*