IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JEFFREY L. LECKRONE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:17-CV-02144-JMB |
| SAINT CHARLES COUNTY, MISSOURI, ROBERT BELL, III, and MARK O'NEILL | ) ) ) ) |
| Defendants. | ) ) |

**COUNTY DEFENDANTS'**
**STATEMENT OF UNCONTROVERTED MATERIAL FACTS**

COME NOW St. Charles County, Missouri ("the County"), Corporal Robert Bell III and Lieutenant Mark O'Neill (collectively "County Defendants"), and for their Statement of Uncontroverted Material Facts state as follows:

1. On October 15, 2010, Plaintiff Jeff Leckrone went to Sherlock's bar and spent approximately six hours there. (Leckrone Depo. 4/20/2018, 15:3-11; 17:1; 33:17-18).

2. Leckrone drank two rum and Coke drinks while at Sherlock's. (Leckrone Depo. 4/20/2018, 20:19-21).

3. Rum and Coke drinks are alcoholic beverages. (Bell Aff. 8/30/2018, ¶ 6).

4. When they left the bar, Leckrone and his girlfriend discussed whether it was safe for him to drive, and she asked him "Are you sure you're okay?" (Leckrone Depo. 4/20/2018, 16:13-21).

5. At approximately midnight, Leckrone left Sherlock's and was operating his motor vehicle. (Leckrone Depo. 4/20/2018, 45:15-17; 16:23).

6. A member of the St Charles County Sheriff's Department saw the vehicle Leckrone was driving cut off a white van and swerve outside of his lane. (Leckrone Depo. 4/20/2018, 18:16-18).

7. Leckrone was informed by the Sheriff's Deputy that he was pulled over for cutting off a white van. (Leckrone Depo. 4/20/2018, 20:11-16).

8. Leckrone told the Sheriff's Deputy that he had drank two rum and Cokes that evening. (Bell Aff. 8/30/2018, ¶ 6).

9. Corporal Bell, a Sheriff's Deputy in the St. Charles County Sheriff's Department, observed that Leckrone had an odor of alcohol emitting from his breath and person, and his eyes were bloodshot, glassy, and watery. (Bell Aff. 8/30/2018, ¶¶ 1, 5).

10. Leckrone was given several field sobriety tests. (Bell Aff. 8/30/2018, ¶ 7).

11. During the "Walk and Turn" test, Corporal Bell saw Leckrone walk off the line several times, had to use his arms for balance, did not maintain the heel to toe while he was walking, he turned improperly, and had to stop to steady himself. (Bell Aff. 8/30/2018, ¶ 9)

12. Leckrone admits that during the "walk and turn" test, he probably used his arms for balance. (Leckrone Depo. 4/20/2018, 23:5-12).

13. When performing the walk and turn test, Leckrone also admits that "the whole time steadying myself was necessary" by "gesturing back and forth with [my] shoulders and arms." (Leckrone Depo. 4/20/2018, 26:5-18).

14. During the One Leg Stand, Leckrone had to put his foot down during the test three times, he used his arms for balance, and he hopped once. (Bell Aff. 8/30/2018, ¶ 10).

15. During the "One Leg Stand," Leckrone admits that he was unable to do what the officer had asked him because he was supposed to hold a foot up about six inches off of the

ground, and Leckrone had to let it down before he was supposed to three different times during the test. (Leckrone Depo. 4/20/2018, 24:3-12; 45:24-46:4).

16. Leckrone also admits that it is possible that he had to use his arms for balance during the One Leg Stand test. (Leckrone Depo. 4/20/2018, 28:5-7).

17. Based on his observations of Leckrone, Leckrone's statement, and his performance on the Standard Field Sobriety tests, Corporal Bell believed that he had probable cause to arrest Leckrone for driving while intoxicated. (Bell Aff. 8/30/2018, ¶ 11).

18. On October 16, 2010, Bell arrested Leckrone. (Bell Aff. 8/30/2018, ¶ 11).

19. Leckrone believes that on the night of October 15-16, 2010, he never saw Lieutenant O'Neill. (Leckrone Depo. 4/20/2018, 19:7-12; 19:17-19).

20. Leckrone was not arrested or imprisoned by Lieutenant O'Neill. (Leckrone Depo. 4/20/2018, 88:5-24; 19:10-18).

21. Leckrone's license was automatically revoked by the Missouri Director of the Department of Revenue for failure to submit to a chemical test. (Leckrone Depo. 4/20/2018, 58:3-6).

22. Leckrone filed a petition for review challenging the Director of Revenue's determination that he had refused to take a chemical test, and asked the court to determine whether or not the Petitioner was under legal arrest. Petition for Review, *Leckrone v. Department of Revenue*, 1011-CV10905, 11th Cir. MO, November 2, 2010).

23. There was a trial on the petition for review in which Mr. Leckrone testified and presented evidence. (Leckrone Depo. 4/20/2018, 58:8-9; 58:25-59:10).

24. The St. Charles County Circuit Court upheld the revocation and determined that there had been probable cause to arrest Plaintiff Jeff Leckrone for driving while intoxicated.

(Leckrone Depo. 4/20/2018, 58:4-59:14; Judgment, *Leckrone v. Department of Revenue*, 1011-CV10905, 11th Cir. MO, July 13, 2012).

25. Leckrone admits that "an officer has a right[:] if they believe that somebody is failing the sobriety test due to intoxication that they should be arrested." (Leckrone Depo. 4/20/2018, 64:5-8).

26. Corporal Bell has received significant training in DWI investigation, including training in National Highway Traffic Administration principles and procedures, administration of Field Sobriety Tests, operation of breathalyzer machines, and other general training and legal updates related to law enforcement, such as probable cause requirements and officer safety. (Bell Aff. ¶ 2).

27. Leckrone is not aware of any St. Charles County usage, custom, or policy of permitting its law enforcement officers of arresting and imprisoning subjects without probable cause. (Leckrone Depo. 4/20/2018, 77:10-78:7).

28. Leckrone is not aware of any inadequate hiring and training practices and policies of St. Charles County to hire and train its law enforcement officers. (Leckrone Depo. 4/20/2018, 78:20-79:5).

29. Leckrone is not aware of any negligent monitoring or retaining of officers by St. Charles County. (Leckrone Depo. 4/20/2018, 79:6-15).

30. Leckrone is not aware of any deliberate and conscious choice by St. Charles County to fail to train its law enforcement officers. (Leckrone Depo. 4/20/2018, 80:11-19).

31. It is possible for a driver to be impaired but nonetheless be below the legal limit for blood alcohol content. (Leckrone Depo. 4/20/2018, 33:20-24).

32. The County's insurance policy covering tort claims expressly states that it does not constitute a waiver of any sovereign or governmental immunity under sections 71.185 or 537.610 of the Missouri Revised Statutes. (Noonan Aff. ¶ 4).

**OFFICE OF THE ST. CHARLES COUNTY COUNSELOR**

*/s/ Holly Magdziarz*

Holly Magdziarz #65118MO
Associate County Counselor
100 N. Third Street
Suite 216
St. Charles, MO 63301
(636) 949-7540
hmagdziarz@sccmo.org

CERTIFICATE OF SERVICE

The undersigned certifies that a true and accurate copy of the above and foregoing was e-filed on this 31st day of August, 2018 to Counsel of Record.

*/s/ Holly Magdziarz*