UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JEFFREY L. LECKRONE, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Case No.: 4:17-CV-02144-JMB |
| vs. | ) ) | |
| SAINT CHARLES COUNTY, MISSOURI, et al., | ) ) ) | |
| Defendants. | ) ) | |

### PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Plaintiff Jeffrey L. Lekrone respectfully opposes Defendant Saint Charles County's Motion for Summary Judgment. In support of this opposition, Plaintiff submits the following: Plaintiff's Memorandum in Support of Plaintiff's Opposition to Motion for Summary Judgment, Plaintiff's Opposition to Defendants' Statement of Material Facts as to which there is no genuine dispute, and a Proposed Order Denying Motion for Summary Judgment.

Respectfully submitted,

/s/ Frank R. Ledbetter
Frank R. Ledbetter, MBE#53521;Fed#53521MO
Attorney for Plaintiff
141 N. Meramec Avenue, Suite 24
Saint Louis, MO 63105
(314) 535-7780 Telephone
(314) 533-7078 Facsimile
stlatty@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY L. LECKRONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 4:17-CV-02144-JMB |
| vs. | ) |
| | ) |
| SAINT CHARLES COUNTY, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

**Argument**

**I.  The Standard for Summary Judgment**

Summary Judgment is authorized by Federal Rule of Civil Procedure 56(c) in instances where all the information before the Court shows "no genuine issue of material fact." Where no genuine issue of material fact is in dispute and the movant is entitled to judgment as a matter of law the Court may enter summary judgment in favor of the Movant. *Celotex Corp. v. Cattrett*, 477 U. S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2nd 265 (1986). In determining if a genuine issue of fact exists, the Court "must view all facts in the light most favorable to the non-moving party." *Judicial Watch, Inc. v. Consumer Financial Protection Bureau*, 985 F. Supp. 2d 1, 6 (D.D.C. 2013).

The Movant initially bears the burden of proving that no genuine issue of fact exists. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). Only upon proof that there is no genuine issue of material fact does the burden shift to the Respondent. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S. Ct. 2505, 2510-11, 91 L. Ed. 2d 202

(1986). If Movant meets Movant's initial burden of proof and the burden has shifted to the Respondent, the non-moving party then must provide affirmative evidence and facts showing that a genuine issue of fact does exist. *Ibid*. If the Court holds that the Movant has met the initial burden of proof as to no genuine issue of material fact, the respondent must then set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e).

The Court is to view the facts in any documents set forth by movant as exhibits in the light most favorable to the respondent. *Matsushita*, 475 U. S. at 587, 106 S. Ct. at 1356. In a motion for summary judgment, the Court is required to resolve any conflict in the favor of the respondent. *Robert Johnson Grain co. v. Chemical Interchange Co.,* 541 F.2d 207, 210 (8th Circ.1976). With the facts set forth in Movant's Motion for Summary Judgment and Suggestions in Support of Defendants' Motion for Summary Judgment, the Movant/Defendant has not met its burden.

**II.    Collateral Estoppel**

Collateral estoppel is an affirmative defense per Missouri Supreme Court Rule 55.08. Collateral estoppel only applies if the movant proves four elements: 1) that the issue decided in the prior adjudication is identical to the issue as to which collateral estoppel is sought in the present adjudication, 2) the prior adjudication was a final judgment on the merits, 3) the party against whom collateral estoppel is asserted was a party or in privity with a party in the previous adjudication, and 4) that the party against whom collateral estoppel is being asserted had a full and fair opportunity to litigate the issue in the prior suit. *Egan v. Craig*, 967 S.W.2d 120, 124 (Mo.App. E.D. 1998).

In Defendant's Motion for Summary Judgment, Movant seeks an order granting summary judgment due to collateral estoppel based upon a ruling in favor of the Director of Revenue in *Leckrone v. Department of Revenue*, 1011-CV10905, 11th Cir. MO, July 13, 2012. Movant has

attached as part of "Exhibit 4" Plaintiff's Petition for Review (the "Petition for Review") filed in the administrative proceeding regarding Plaintiff's driving privileges, which Plaintiff had initiated as a result of the driving while intoxicated charge stemming from Defendant's arrest of Plaintiff.

In the Petition for Review, Plaintiff pleaded that one of four issues "**could not be** [emphasis added] resolved in the affirmative." The first issue was "[w]hether or not the Petition was under legal arrest." The second was "[w]hether or not the arresting officer had reasonable grounds to believe that the Petition was driving a motor vehicle while in an intoxicated condition." The third issue was "[w]hether or not the Petitioner refused to submit to the chemical test." The fourth was "[w]hether or not the arresting officer requested Petitioner to take said chemical test and informed Petitioner of the consequences of his refusal and of the implied consent law of the State of Missouri." The standard of proof in the administrative matter was vastly different than that in Plaintiff's instant case. In Plaintiff's instance case, Plaintiff must prove lack of probable cause by a mere preponderance of the evidence. In the administrative matter, Plaintiff was seeking to prove and failed to prove that one of the afore-mentioned four issues **could not be** proven, a standard much higher for Plaintiff than in the instant case where Plaintiff must only prove lack of probable cause based on preponderance of the evidence and not that lack of probable cause was an impossibility.

Movant provides as "Exhibit 4" a certified copy of the July 13, 2012 Judgment in Plaintiff's administrative proceeding regarding the revocation of his driving privileges (the "Judgment"). The Judgment contains no findings of facts. It states that "THE COURT RULES IN FAVOR OF THE DIRECTOR OF REVENUE" without a statement of reason as to why the Court ruled against Jeffrey Leckrone. Because the judgment contained no findings upon which summary judgment

4

due to collateral estoppel could be based, Defendants' request for summary judgment based on collateral estoppel should be denied.

### III. Probable Cause

Probable cause is determined by the "totality of the circumstances." *Berry*, 801 S.W.2d at 66. Despite the lack of legal authority stating that offering a breathalyzer examination to a driving while intoxicated suspect is necessary to establish probable cause, results of a breathalyzer examination showing a blood alcohol reading of less than .08% may be exculpatory evidence which may result in a fact finder finding lack of probable cause. There exists a genuine issue of material fact as to whether the Defendants offered Plaintiff a breathalyzer examination. Plaintiff contends that a breathalyzer examination would have shown Plaintiff to have a blood alcohol level far below .08%.

The undisputed facts with regard to Plaintiff's alcohol consumption within the several hours prior to his arrest are that he consumed two alcoholic "mixed drink" composed of rum and a soft drink and that Plaintiff consumed those two drinks at Sherlock's restaurant during a visit to the restaurant during which he also ate dinner.

It is an undisputed fact that Plaintiff failed to perfectly perform all field sobriety tests. Failure to perfectly perform each field sobriety test is not conclusive proof that Plaintiff was intoxicated. It is also an undisputed fact that Plaintiff did properly perform certain field sobriety tests.

It is an undisputed fact that Defendant Mark O'Neill radioed for Defendant Robert Bell to respond to a suspected intoxicated driver, that Defendant O'Neill was present when Defendant Bell performed field sobriety tests on Plaintiff and that Defendant O'Neill was in a supervisory capacity over Defendant Bell at the time Defendant Bell arrested Plaintiff.

5

Defendants posit that Plaintiff's admission alone that he had stated to Defendant Bell Plaintiff had consumed two mixed alcoholic drinks was sufficient to demonstrate probable cause for Plaintiff's DWI arrest. Plaintiff's admission that he "probably" used his arms for balance and steadied himself when necessary during the walk and turn test does not prove probable cause. Plaintiff's admission that during the "One Leg Stand," Plaintiff was unable to continue to hold a foot six inches above the ground before being told to put his foot down does not prove probable cause. Neither Defendant Bell's reported observations that Plaintiff emitted the odor of alcohol from his breath and person nor Defendant Bell's reports that Plaintiff had bloodshot, watery, classy eyes, assertions to which Plaintiff has not admitted, proves probable cause existed. Plaintiff is entitled to jurors' making a determination as to the credibility of Defendant Bell's disputed assertions that support a finding of probable cause.

Plaintiff denies Defendants' assertion that the undisputed facts easily meet the "low bar for probable cause." In *State v. Burks*, 373 S.W.3d,1, 6 (Mo. Ct. App. 2012), the Court stated that two indicators during the one-legged test "indicate impairment" rather than stating two indicators conclusively prove impairment for that test. Non-intoxication factors clearly may contribute to a subject's failure to perfectly perform a field sobriety test, and "indicators" should merely be evaluated as part of the totality of the circumstances test.

Defendants argue that the totality of the circumstances support a finding of probable cause. However, in order for Defendants to prevail in the Motion for Summary Judgment Defendants must show no disputed fact could result in a fact finder's determination that probable cause did not exist when the facts that support probable cause are weighed along with exculpatory facts. Barring a finding that collateral estoppel applies in this case, the Motion for Summary Judgment with regard to lack of probable cause should be denied as relevant disputed facts exist.

## IV. Qualified and Official Immunity

Defendants argue that the Court should enter a grant of summary judgment on the bases of qualified immunity and official immunity for Defendant Bell and Defendant O'Neill. The Court in *Mullenix*, 136 S. Ct. at 308, held that "qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" Whether Defendant Bell and/or Defendant O'Neill knowingly violated the law in effectuating the arrest and subsequent prosecution of Plaintiff are disputed facts. Per *Gilmore v. City of Minneapolis,* 837 F.3d 827, 832 (8th Cir. 2016) the Court held that a mistaken belief must be "objectively reasonable" in order to find probable cause. A genuine issue of material fact exists with regard to whether any mistaken belief of Defendants was objectively reasonable. Summary judgment based on qualified immunity should be denied.

Defendants assert that Defendants are unaware of any case law addressing whether a DWI arrest is unconstitutional without a breathalyzer test. The absence of case law addressing the constitutionality of a DWI without administration of a breathalyzer test does not preclude a jury from finding that a refusal to provide a DWI suspect with a requested breathalyzer test resulted in a lack of probable cause in a particular case. A breathalyzer test in this case would have provided important exculpatory evidence, which Plaintiff contends would have resulted in Plaintiff not being charged with DWI, jailed, or prosecuted. A genuine issue of material fact exists as to whether Plaintiff was offered a breathalyzer test.

Defendants argue that Defendant Bell and Defendant O'Neill are entitled to summary judgment on the claim of official immunity based on Plaintiff's alleged failure to present specific evidence of bad faith or malice. Plaintiff has testified that Defendant Bell refused to give Plaintiff a breathalyzer test despite Plaintiff's requests to take one. Defendant O'Neill testified at deposition

that he was present when Defendant Bell performed field sobriety tests of Plaintiff and that O'Neill was in a supervisory capacity over Defendant Bell at the time of Plaintiff's arrest. Jurors may find that Defendants refusal to allow Plaintiff to present exculpatory evidence by performing a breathalyzer test was evidence of bad faith or malice. Summary judgment in favor of Defendant Bell and Defendant O'Neill should therefore be denied.

Defendants argue that "St. Charles County is entitled to summary judgment on the claim against it because there can be no liability for claims based on vicarious liability, and Plaintiff cannot prove that there was a policy or custom of unconstitutional behavior or a constitutionally deficient failure to train." Plaintiff may be able to prove at trial a policy or custom of arrest without probable cause. Plaintiff may be able to prove at trial a constitutionally deficient failure to train. Plaintiff should have the opportunity to prove at trial if St. Charles County had a custom of allowing its officers to perform arrests without probable cause and if it had failed to properly train its officers with regard to a lawful arrest. Summary judgment should therefore be denied with regard to the claim against St. Charles County for lack of custom or practice and the inapplicability of vicarious liability.

### V. Sovereign Immunity

Defendants argues that St. Charles County is entitled to summary judgment on the basis of sovereign immunity because Plaintiff's claim is "based in tort." Section 1983 provides a clear exception to sovereign immunity. Plaintiff has pleaded sufficient facts, which if proven true at trial, may establish Section 1983 liability. Entry of summary judgment in favor of St. Charles County based upon the sovereign immunity defense is not proper and should be denied because a genuine issue of material fact as to whether the county should be held liable under Section 1983 exists.

Defendants cite the County's failure to waive sovereign immunity because the County's insurance policy states that sovereign immunity is not waived. Failure to waive sovereign immunity does not prove summary judgment should be granted on the basis of sovereign immunity in a Section 1983 case, and therefore Defendants' request for summary judgment based upon failure to waive sovereign immunity should be denied.

## VI. Policy or Custom

Defendants argue for summary judgment based on lack of policy or custom of unconstitutional behavior on the part of the County. Defendants has asserted that a policy or custom existed allowing officers to make arrests without probable cause. The Plaintiff should have the opportunity to present evidence at trial that a policy or custom permitting arrests without probable cause existed. A genuine issue of material fact exists as to whether the County had a custom or practice of allowing its officers to make arrests without probable cause. Summary judgment based on lack of custom or practice should be denied.

## VII. Failure to Train

Defendants argue for summary judgment on the claim that there was an unconstitutional failure to train. Plaintiff has alleged that the County failed to properly train its officers; therefore a genuine issue of material fact exists with regard to whether the County was negligent in training its officers. Summary judgment therefore is improper on the claim of failure to train and should be denied.

## VIII. Punitive Damages

Defendants argue that Defendants are entitled to a grant of summary judgment on the matter of punitive damages. Defendants cites *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1983) as holding that punitive damages may not be recovered against a municipality

under Section 1983; this holding, however, does not apply to officers who are defendants in a Section 1983 action. *Smith v. Wade*, 461 U.S. 30 (1983.) A genuine issue of material fact exists as to whether Defendant Bell and Defendant O'Neill were motived by evil motive or intent or had a "reckless or callous indifference to the federally protect rights of other," which Plaintiff must prove at trial to recover a punitive damages award from Defendant Bell or Defendant O'Neill. Plaintiff has pleaded and testified that Defendants refused Plaintiff the opportunity to submit to a breathalyzer test, which Plaintiff contends would have shown his lack of intoxication. Jurors could reasonably conclude from such evidence either an evil motive or intent or a reckless or callous indifference to Plaintiff's federally protected right to be free from unlawful arrest, imprisonment, and prosecution. An award of summary judgment with regard to potential recoverability of punitive damages against Defendant Bell and Defendant O'Neill should therefore be denied.

## Conclusion

For the foregoing reasons, the Defendants' Motion for Summary Judgment should be denied.

Respectfully submitted,

/s/ Frank R. Ledbetter
Frank R. Ledbetter, MBE#53521;Fed#53521MO
Attorney for Plaintiff
141 N. Meramec Avenue, Suite 24
Saint Louis, MO 63105
(314) 535-7780 Telephone
(314) 533-7078 Facsimile
stlatty@gmail.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true copy of the above was sent electronically the following party on this 21st day of September 2018:

Holly E. Magdziarz
Counsel for Defendants
hmagdziarz@sccmo.org
100 N. Third Street
Suite 216
St. Charles, MO 63301

/s/ Frank R. Ledbetter